UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD L. ROBINSON,

    Plaintiff,

vs.                                      CASE NO. 8:11-CV-00148-EAK-AEP

AEROTEK, INC. and
THE ENVIRONMENTAL QUALITY
COMPANY,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL

THIS CAUSE is before this Court on Plaintiff's, Richard L. Robinson, Motion to Vacate Order of Dismissal and for an Extension of Time to File Amended Complaint (Doc. 7). For the reasons set forth below, Plaintiff's motion is **DENIED**.

I.    **Background**

On January 21, 2011, Plaintiff filed his two count complaint against Aerotek, Inc. and the Environmental Quality Company alleging discrimination. Count I alleges racial discrimination and Count II alleges retaliatory discharge pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C.§1981. Also filed on January 21, 2011, was a motion for leave to proceed *in forma pauperis* (Doc. 2). On April 15, 2011 Magistrate Judge Antony E. Porcelli entered an order ("the Order") (Doc. 5) taking Plaintiff's motion to proceed *in forma pauperis* under advisement. The docket text of Magistrate Judge Porcelli's order states as follows:

> ORDER taking under advisement 2 Motion for leave to proceed informa pauperis/affidavit of indigency. Signed by Magistrate Judge Anthony E. Porcelli on 4/15/2011. (MH) (entered 04/15/2011)

The Order contains seven pages detailing Plaintiff's claims and correctly states that under 28 U.S.C. § 1915(e)(2), when an application proceeding *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss the case if the Court determines the action is

frivolous or malicious; it if fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. This obligation for court review under pursuant to §1915 (e)(2), appears on the first page, and in the second sentence, of the Order. The Order organizes Count I for racial discrimination and Count II for retaliatory discharge in bold, underlined headers. Upon a brief glance of the Order, a reader could easily decipher where the Order addressed the individual counts.

Under the race discrimination header, Magistrate Judge Porcelli notes that at no point in Plaintiff's complaint does he allege that he is a member of a racial minority. The Order concludes that Plaintiff's allegations, on their face, do not demonstrate an intent by the employer to discriminate against the Plaintiff based on race, and Plaintiff's complaint instead requests the Court to assume that the Defendants alleged actions were motivated by Plaintiff's race. In conclusion, Magistrate Judge Porcelli find that Plaintiff's conclusory statement that the Defendants "discriminated against the Plaintiff based on race" is insufficient to maintain a claim for discrimination under Title VII and § 1981.

Under a separate, distinct header, the Order addressed the Plaintiff's retaliatory discharge claim and the fundamental problems associated with it. One such fundamental problem the Order points out is that, even using the most liberal of interpretations, the complaint does not allege facts to support that the Plaintiff was discharged in retaliation for the Plaintiff's complaint of discrimination. The Order rightfully concludes that Plaintiff's assertion of retaliation is a bare legal conclusion unsupported with substantial facts.

While Magistrate Judge Porcelli found both of Plaintiff's claims to be devoid of factual detail to support Plaintiff's *in forma pauperis* request, the Order finds that the Plaintiff should be allowed an opportunity to amend the complaint to include sufficient facts to support Plaintiff's claims. In the Order's final paragraph, the Plaintiff's motion for leave to proceed *in forma pauperis* is ordered to be taken under advisement. The word "ordered" and the words "taken under advisement" are conspicuous in that they appear in bold font and in all capital letters. The concluding paragraph of the Order states as follows, "[T]he Plaintiff shall have the opportunity to file an amended complaint that properly complies with the Federal Rules of Civil Procedure by no later than the close of business on **April 25, 2011**. If the Plaintiff fails to file an Amended Complaint by **April 25, 2011**, the Court recommends to the District Judge that this case be dismissed." (emphasis original). The date for which the amended complaint was due to be filed

is clear and obvious within the Order. By the close of business on April 25, 2011, Plaintiff had not filed an amended complaint.

On May 5, 2011, through an endorsed order (Doc. 6), this Court dismissed the Plaintiff's case for failure to file an amended complaint as directed by the Order. This Court's endorsed order further instructed the Clerk of the Court to close this case and terminate all pending motions. The Clerk of the Court closed the case on May 5, 2011. On the same day, Plaintiff filed a motion to vacate this Court's order dismissing Plaintiff's case for failure to file an amended complaint.

Plaintiff's moves this Court for a motion to vacate pursuant to *Fed.R.Civ.P 6 and 60(b)*. The Plaintiff's counsel states that he believed that the Order pertained to whether the Court would accept or reject Plaintiff's affidavit of indigency, and, therefore, this Court should grant his motion to vacate. This Court does not agree. *Fed.R.Civ.P 60(b)* states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been revered or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Fed.R.Civ.P. 60(b)*. As an initial matter, the rule is discretionary as it states the court "may" relieve a party...from a final judgment. (*Id.*). Secondly, nowhere in the rule does it state that the one of the reasons for which a court may relieve a party from final judgment is inexcusable neglect or willful failure to read a court order. Plaintiff's counsel's request for this Court to vacate its order for his erroneous assumption as to what the Magistrate Judge ordered Plaintiff's counsel to do is not well taken. Simply because Plaintiff's Counsel chose to only read the docket text and failed to simply read **the first page of the order,** which expressly states the purpose of the order, is preposterous. The rule does not provide for vacating a judgment for failure to exercise due diligence. To allow an attorney to simply claim that he or she was

3

CASE NO. 8:11-CV-00148-EAK-AEP

unaware of a court order, simply for the attorney's failure to read the court's order, is not only nonsensical, it fails to comport with notions of adequate representation, something this Court will not stand for. Accordingly, it is:

**ORDERED** that Plaintiff's, Richard L. Robinson, Motion to Vacate Order of Dismissal and for an Extension of Time to File Amended Complaint (Doc. 7) be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this ___6___th day of June, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.